UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ASHLEY MALONE                                                                                          PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:14-CV-00428-CRS

CAVALRY PORTFOLIO SERVICES, LLC                                                           DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on Defendant Cavalry Portfolio Services, LLC's ("CPS") motion to dismiss Plaintiff Ashley Malone's Second Amended Complaint for failure to state a claim. The Court will grant Defendant's motion to dismiss.

## BACKGROUND

This matter concerns the collection of a GE Money Bank debt with an account number ending in "0451." Second Am. Compl. ¶ 12, 23, ECF No. 30. Plaintiff alleges, upon information and belief, that GE Money Bank "charged off" this debt. The GE Money Bank debt was "controlled by written terms and conditions that established interest rates that applied to the … account." *Id.* ¶ 22. Cavalry SPV I, LLC purchased this debt from GE Money Bank and assigned CPS to collect the debt. *Id.* ¶ 16-19.

CIN Legal Data Services provided Malone with a Consumer Liability Report in February 2014. *Id.* ¶ 9. The Report included information "recovered from the three major credit reporting agencies: Experian, Equifax, and Trans Union." *Id.* ¶ 10. The Report said that CPS had furnished negative credit information to one or more consumer reporting agencies in an effort to collect the

1

GE Money Bank debt from Malone. *Id.* ¶¶ 10-13. According to the Report, CPS "opened the account for reporting on the debt in November of 2010 and last furnished information concerning the GE Money Bank debt on February 10, 2014." *Id.* ¶ 12. On February 10, 2014, CPS reported to "one or more consumer reporting agencies" that $1,766 was the total amount due on the debt. *Id.* ¶¶ 13, 20.

Malone disputes that the GE Money Bank debt is hers and also argues that GE Money Bank waived interest accrual in charging off the debt. *Id.* ¶ 4. Plaintiff filed suit alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"). Defendant CPS moves to dismiss all Plaintiff's claims.

## STANDARD

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court will "construe the complaint in the light most favorable to the plaintiff." *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 477 (6th Cir. 2010). Although the complaint need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and alterations omitted).

## DISCUSSION

Defendant moves to dismiss Plaintiff's claims for failure to state a claim on which relief can be granted. The Court will assess each argument in turn.

1. <u>Statute of Limitations</u>

Congress enacted the FDCPA to eliminate "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). When a plaintiff brings an FDCPA claim, the Court tests the claims under the "least sophisticated consumer" standard; that is, "whether the least sophisticated consumer would be misled by the defendant's actions." *Wallace v. Wash. Mut. Bank, F.A.,* 683 F.3d 323, 326–27 (6th Cir. 2012) (internal quotations omitted).

A plaintiff must bring a FDCPA claim "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The statute of limitations begins to run for an FDCPA claim on the date of the alleged violation, not the date on which a consumer learns of the violation. *Id.*; *see also Purnell v. Arrow Fin. Servs.*, LLC, 303 F. App'x. 297, 301 (6th Cir. 2008).

The Court must determine whether Plaintiff successfully alleged a discrete FDCPA violation within the limitations period or merely a "later effect[ ] of an earlier time-barred violation." *Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 259 (6th Cir. 2014) (citing *Purnell*, 303 F. App'x. at 301–02). The narrow question the Court must initially confront is whether Defendant reporting negative credit information to "one or more consumer reporting agencies" on a previously reported debt constitutes a discrete action under the FDCPA. Second Am. Compl. ¶ 13. This Court finds that it does.

In *Purnell*, the Sixth Circuit stated that "It is not the taint of the original decision to report the debt, but the repeated reporting of the debt within the limitations period that is the basis for plaintiff's claims." *Purnell*, 303 F. App'x at 303. In that case, the defendant repeatedly reported an alleged unverified debt to a credit reporting agency. *Id.* The Sixth Circuit allowed the claims to go forward in part, but "[t]o the extent that the[] violations [were] alleged to have occurred outside the limitations period they [were] barred by the statute of limitations." *Id.* However, "to the extent that plaintiff can prove that such violations occurred within the limitations period, they are not time-barred." *Id.*; *see also Blackburn v. Mapother & Mapother, P.S.C.*, No. 3:14-CV-55-R, 2014 WL 1418224, at *1-2 (W.D. Ky. Apr. 14, 2014); *Bihn v. Fifth Third Mortgage Co.*, No. 3:13-CV-00057, 2013 WL 5657598, at *4 (S.D. Ohio Oct. 16, 2013) ("In Purnell, monthly reports submitted by a debt collector to a credit reporting agency were considered by the Sixth Circuit to be separate harms.").

In *Slorp*, the Sixth Circuit relied on *Purnell* in finding that filing pleadings or memoranda "reaffirming the legitimacy of [the defendants'] state-court suit" were not discrete violations of the FDCPA. *Slorp*, 587 F. App'x at 259. Rather, the defendants' actions "were the continuing effects of their initial violation," which was their filing of an allegedly "unfair, misleading, and abusive" lawsuit against the plaintiff. *Id.*

Plaintiff alleges Defendant "opened the account for reporting on the debt in November, 2010 and last furnished information concerning the GE Money Bank debt on February 20, 2014." Second Am. Compl. ¶ 12. Reporting information to a consumer reporting agency markedly differs from continuing to file pleadings or memoranda in an already initiated lawsuit. Indeed, "debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls." *Purnell*, 303 F. App'x at 304, n.5 (internal citations

4

omitted); *see also Sullivan v. Equifax, Inc.*, 2002 WL 799856, at *4 (E.D. Pa. Apr. 19, 2002) ("reporting a debt to a credit reporting agency is a powerful tool designed, in part, to wrench compliance with payment terms") (internal citations and quotations omitted). Each report a creditor sends to a consumer reporting agency constitutes a separate attempt to collect a debt, while initiating a lawsuit – and all actions that litigating that suit entails – constitutes a single attempt to collect a debt. The information furnished on February 20, 2014 is itself an alleged "discrete violation of the FDCPA within the limitations period" and not merely a "later effect[]" of the initial November 2010 reporting. *Slorp*, 587 F. App'x at 259.

Plaintiff filed this action on May 14, 2014. Def.'s Notice of Removal ¶ 1, ECF No. 1. The statute of limitations bars Plaintiff's alleged FDCPA claims that occurred outside the limitations period, including the initial reporting of the debt in November, 2010 and other violations that may have occurred before May 14, 2013. "But, to the extent that plaintiff can prove that such violations occurred within the limitations period, they are not time-barred." *Purnell*, 303 F. App'x at 303. Hence, Plaintiff's pleaded February 2014 violations are not time-barred.

2. Failure to State a FDCPA Claim

To state a claim under the FDCPA, the following elements must be present: (1) the plaintiff must be a consumer under the FDCPA; (2) the debt must arise from transactions "primarily for personal, family or household purposes," (3) the defendant must be a debt collector under the FDCPA; and (4) the defendant must have violated a provision of the FDCPA. *See Wash. Mut. Bank, F.A.*, 683 F.3d at 326 (internal citation omitted). Under the FDCPA, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Similarly, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C.

§ 1692f. Under 15 U.S.C. §§ 1692e-f, there are non-exhaustive lists of conduct that constitute an FDCPA violation.

Plaintiff specifically alleges that Defendant violated the FDCPA under 15 U.S.C. §§ 1692e-f by (1) reporting a debt Plaintiff does not owe and (2) attempting to collect an amount not authorized by the credit agreement or permitted by law. Second Am. Compl. ¶ 34. At issue is whether Plaintiff sufficiently alleged facts to meet the fourth element of an FDCPA claim. The majority of Plaintiff's allegations stem from an assumption that GE Money Bank charged off the relevant debt and, therefore, waived its right to collect interest on that debt as "controlled by written terms and conditions that established interest rates that applied to the … account." *Id.* ¶ 22. Plaintiff alleges that this accumulated interest is the reported specious debt and the amount the credit agreement or law does not authorize. *Id.* ¶¶ 31-33. In dismissing these claims, the Court does not need to go further than determining whether Plaintiff sufficiently pleaded the foundation for this house of cards.

Plaintiff says in her complaint that GE Money Bank charged off the relevant debt. *Id.* ¶ 23. This is pleaded, however, "[u]pon information and belief," and Plaintiff provides no actual *information* for the conclusory allegation that GE Money Bank charged off a debt. Plaintiff has not alleged any *act* of waiver. A belief devoid of further factual enhancement is insufficient to state a claim as a matter of law. *See Iqbal*, 556 U.S. at 678. Without this foundational factual allegation, Plaintiff has failed to state a claim for relief under the FDCPA that is plausible on its face.

As an alternative basis for her claims, Plaintiff alleges that she "has disputed the GE Money Bank debt and does not believe that it is hers." Second Am. Compl. ¶ 14. Plaintiff's

pleadings supporting this theory, however, are completely conclusory. First, while it is unreasonable to burden Plaintiff with explaining who the debt actually belongs to, the Plaintiff must provide a modicum of factual explanation as to why it is not hers. This is especially important when the crux of the pleadings attack the debt's interest, not the principal. Also, Plaintiff alleges that the debt was "used solely for personal, family, or household purposes" without any accompanying factual allegations. *Id.* ¶ 15. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and alterations omitted). Even construing the complaint in Plaintiff's favor, Plaintiff's pleadings are insufficient to state a cause of action under the FDCPA. Notably, Plaintiff has failed to state a cause of action even though this is her third attempt to craft her complaint. *See* Second Am. Compl.

The Court will grant Defendant's motion to dismiss Plaintiff's Second Amended Complaint for failure to state a claim.

A separate order will be entered in accordance with this opinion.

November 24, 2015

**Charles R. Simpson III, Senior Judge
United States District Court**